## BRITTAIN v. TRAVELERS INS. CO. et al.

### No. 487.

District Court, D. Montana,
Great Falls Division.

March 16, 1945.

Lester H. Loble and Albert H. Angstman, both of Helena, Mont., and Church & Harris, of Great Falls, Mont., for plaintiff.

Weir, Clift & Bennett, of Helena, Mont., and Jardine, Chase & Stephenson, of Great Falls, Mont., for defendant.

PRAY, District Judge.

The question before the court at this time is on the motion to dismiss contained in the answer filed in the above entitled cause. The briefs submitted by counsel for plaintiff and defendant have been considered by the court. As it now appears, if the facts alleged in the amended complaint can be established by competent proof it might be shown by circumstantial evidence to a high degree of probability that the insured therein named came to his death by drowning.

The allegations of the amended complaint show that James Donovan Brittain was on board the S. S. Robin Sherwood under contract with his employers to engage in construction work at Iran, near the Persian Gulf. He was last seen on June 26, 1942, going from the lounge of the ship into the pantry about 1:30 A.M. and was missed at 6:30 A.M. the same day; that the ship was searched several times for him before it reached port; that he could not be found anywhere on the ship or elsewhere, and that he has not been seen or heard from since that date.

It further appears from the amended complaint that the insured was under pay from his employers and acting within the scope of his employment when he disappeared; that there was a stairway leading from the pantry to the top deck from which a person might fall into the sea; that the insured was well at the time and led a happy family life and was devoted to his wife and child, resided with them and maintained a regular correspondence with them; that he was a healthy, normal person possessed of means and had no financial or other troubles, and that his mission and employment were agreeable and provided a salary of $150 per week.

From the facts pleaded there would seem to be no motive or reason from which a suicidal intent could be inferred. It would seem that the laws of New York, adopted by the defendants, and incorporated in the contract of insurance, would apply in this case. If the facts alleged in the amended complaint can be established by competent evidence it seems doubtful whether the seven year presumption referred to would apply, since the circumstances to be established might afford a convincing explanation of the absence of the insured.

The law quoted by the plaintiff as Section 21 of the Workmen's Compensation Law of the State of New York, Consol. Laws, c. 67, would indicate that in any proceedings for the enforcement of a claim for compensation under that chapter certain presumptions are to be indulged, in the absence of substantial evidence to the contrary, which might become of advantage to the plaintiff. Additional briefs were allowed because of the unusual conditions presented. Much has been said about basing a presumption upon a presumption, an inference upon a presumption, and an inference upon an inference. As it seems to the court from the arguments on both sides, if all the circumstances alleged in the amended complaint can be established by competent proof the inference from such evidence might reasonably be drawn by the jury that the insured is dead and that he was drowned, just the same as inferences are drawn from other facts established by circumstantial evidence, and which might point to the death of the insured in this case, just as convincingly as in many other cases of circumstantial evidence which have been held to establish a given fact.

If the fact of death is thus proven, then from other allegations in the amended complaint, if proven, it would appear that the presumption against suicide would apply. It has been held that the meaning of the alleged rule that an infer-

ence can not be based upon an inference is primarily that an inference can not be based upon evidence which is uncertain or speculative, or which raises merely a conjecture or possibility. Circumstantial evidence is sometimes more convincing and trustworthy than direct wherein contradictions occur. On the subject of peril to the insured, it is easily conceivable under the allegations of the amended complaint that a person on shipboard in a heavy sea might lose his life, as many have done in the past, unless the utmost care is observed. What conditions existed in the instant case will be disclosed when proof is offered.

Having considered the pleadings and briefs, and being duly advised, the court will deny the motion to dismiss, with the understanding that the same may be renewed at the trial of said cause, and such is the order herein.